STATE of Indiana, Appellant (Plaintiff Below),

v.

Rick SELVA, Appellee (Defendant Below).

No. 3-882A184.

Court of Appeals of Indiana, Third District.

Jan. 25, 1983.

Rehearing Denied March 3, 1983.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Pros. Atty., T. Edward Page, Deputy Pros. Atty., Crown Point, for appellant.

Ellen S. Podgor, Nicholls & Podgor, Crown Point, Thomas K. Hoffman, Lowell, for appellee.

STATON, Judge.

Rick Selva was originally charged under four separate informations with a burglary and three thefts. The State later dismissed the four cases and filed a ten-count information which included those four charges and six others arising out of the same incidents. Selva moved to dismiss the ten-count information, alleging that it was vindictively filed. The trial court granted the motion and reinstated the original four cases. The State appeals. The issue we must consider is whether the trial court erred in dismissing the information because of prosecutorial vindictiveness.[1]

Affirmed in part; reversed in part.

Selva was charged on November 13, 1981 with one burglary and three thefts under four separate cause numbers. On November 24, 1981, Selva was arraigned and the State moved to consolidate the charges for trial. A co-defendant in one of the cases entered into a plea bargain agreement with the State on December 23, 1981. The State subsequently petitioned for bond revocation. A hearing on this petition and on Selva's Motion in Opposition to Joinder of the Offenses was held on April 15 and April 21, 1982. After the hearing, the trial court denied the petition and refused to join the causes. The next day, Selva's co-defendant was returned from prison for a deposition and met with the deputy prosecutor. That day, the deputy prosecutor informed defense counsel that he intended to file more charges and a probable cause affidavit was prepared. On May 3, 1982, following a delay occasioned by the deputy prosecutor's court calendar and the necessity for special bond arrangements, the State moved to dismiss the four cases and filed a ten-count information which contained the four previous charges and six additional ones, including three conspiracy charges. The trial court dismissed the four original charges. Selva, on May 28, 1982, moved to dismiss the ten-count information. In his motion he alleged prosecutorial vindictiveness as the grounds for dismissing the second information. Following a hearing on June 4, 1982, the trial court dismissed the ten-count information and reinstated the original four cases.

Our Supreme Court has addressed the issue of prosecutorial vindictiveness with regard to charges dismissed after trial and refiled. *Cherry v. State* (1981), Ind., 414 N.E.2d 301, *cert. dismissed,* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033.[2] The court noted that the question involves a balancing of the defendant's due process rights against the broad discretion granted to the prosecutor. *Id.* at 305. When charges arising out of the same conduct are filed after appeal, "the prosecution bears a heavy burden of proving that any increase in the number or severity of the charges was not motivated by a vindictive purpose...." *Id.* In that situation, actual vindictiveness is not required; rather the "realistic apprehension of vindictiveness," *Id.* at 306, controls.

The State argues that *Cherry* is not applicable because the additional charges against Selva were filed before trial.[3] The United

---

1. The issues have been consolidated.

2. The defendant was charged with three counts arising from the crime. He was tried on two of those counts. The trial resulted in a conviction on one count and a hung jury on the other. The trial court sentenced the defendant to forty years on the one count, and the State dismissed the other two counts. Pursuant to the Motion to Correct Errors, the trial court granted the defendant a new trial. After the new trial was granted, the State refiled the other two charges. The defendant was subsequently convicted on all three charges. The Supreme Court held that refiling the charges violated the defendant's due process rights. *Cherry v. State, supra* at 304–06.

3. Our Supreme Court has recently noted that *Cherry* "applies only to the prosecutor's power to refile charges, which were dismissed at the behest of the State," *Bates v. State* (1981), Ind.

States Supreme Court has considered the increased weight to be given to prosecutorial discretion when additional charges are filed before trial. *United States v. Goodwin* (1982), —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74. The Court stated that, where additional charges were filed six weeks after the defendant declined to plead guilty and asked for a jury trial, a presumption of vindictiveness would not be applied, although a defendant might be able to prove actual vindictiveness if "the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do. . . ." *Id.* at 2494.[4]

■ On appeal, we will not reweigh the evidence, nor judge the credibility of witnesses. *Maclin v. State* (1979), Ind. 394 N.E.2d 163. If the record contains sufficient evidence to support the judgment of the trial court, we will not overturn that judgment. The trial court determined that the ten-count information was vindictively filed. We need not rely on a presumption of vindictiveness to support that judgment. The evidence in support of the judgment shows that the new charges were prepared one day after the trial court denied the State's motion and petition. The prosecuting attorney himself indicated that he was displeased with the hearing on the motion for joinder and the bond revocation petition. The six new charges arose out of the same conduct as the four original ones. Furthermore, the information which the prosecutor claimed was newly-discovered had been available in a statement made by the co-defendant to the police on November 9, 1981. This statement clearly described Selva's involvement in the robberies committed by his co-defendant and was made several months before the new charges were filed. These circumstances support the trial court's determination that the information was vindictively filed.

We cannot affirm the dismissal of all ten counts. Although the record contains evidence to support the trial court's determination as to the six additional counts, Counts I, III, VII, and X of the ten-count information were the same charges as the original four. There is no evidence that those charges were vindictively filed; therefore, the trial court erred in dismissing those counts. Because those counts should not have been dismissed, there is no reason to reinstate the four dismissed causes. Therefore, we affirm the dismissal of Counts II, IV, V, VI, VIII, and IX, and reverse as to Counts I, III, VII, and X, and reverse the reinstatement of the four original cause numbers.

Affirmed in part; reversed in part.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs in part and dissents in part with opinion.

GARRARD, Judge, concurring in part and dissenting in part.

I agree that upon the facts present in this case and *Cherry v. State* (1981), Ind. 414 N.E.2d 301, *cert. dismissed* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033 the trial judge could properly have found the state was barred from prosecuting the six additional charges against Selva.

I also agree with the analysis concerning Counts I, III, VII and X. However, I believe it is unnecessary to reverse the dismissal of those counts and the reinstatement of the four original informations. They will then be subject to a motion for severance. IC 35–34–1–11. Instead, pursuant to Indiana Rules of Procedure, Appellate Rule 15(E) and the doctrine of harmless error, we should simply permit the reinstated cases to proceed to trial.

---

426 N.E.2d 404, 406, n. 1, and not to sentencing on counts filed after a guilty plea was set aside. *Cherry* also does not apply to charges filed after a breakdown in plea negotiations. *See Baker v. State* (1981), Ind. 425 N.E.2d 98.

**4.** The State also cites *Bordenkircher v. Hayes* (1977), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, in which the Supreme Court found no due process violation in the threat of additional charges made during plea negotiations. The record contains no evidence of plea negotiations between the State and Selva.

I therefore concur except as to reversal of the dismissal of Counts I, III, VII and X of the ten-count information and the reversal of the reinstatement of the four prior charges.