**Sheila D. HUGHES and Hershel A. Hughes, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–284A47.**

Court of Appeals of Indiana,
First District.

Jan. 24, 1985.

Rehearing Denied March 5, 1985.

Joan B. Henderson, Jeffersonville, Michael T. Connelly, Louisville, Ky., for defendants-appellants.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Sheila D. Hughes and Hershel A. Hughes (Hugheses) appeal from the trial court's granting, over their objections, of the state's motion to dismiss charges against them, the denial of their petition for a transcript at public expense, and the trial court's failure to grant their motion for sanctions against the prosecuting attorney. Because we agree with the state that Hugheses have failed to present or preserve any appealable questions, we affirm.

## FACTS

Hugheses were charged by a three count information filed in the Clark Superior Court, Number 1, with neglect of a dependent child,[1] battery,[2] and involuntary manslaughter.[3] The information was filed April 26, 1983. After two continuances granted to the state over Hugheses' objections, trial dates of November 29 and December 13, 1983, were set. Because of the state's failure to comply with an April 26, 1983, discovery order, and an October 12

---

1. Indiana Code section 35–46–1–4(a)(1).

2. Indiana Code section 35–42–2–1(3).

3. Indiana Code section 35–42–1–4.

order compelling discovery, the trial court, on November 9, 1983, entered an order excluding certain state's evidence. Thereupon, on November 18, 1983, the state filed a motion to dismiss the charges for the reason it had filed the same charges in the Clark Circuit Court. Hugheses objected to the dismissal and filed a motion for sanctions against the state alleging prosecutorial misconduct. On November 28, 1983, the trial court granted the state's motion to dismiss and found it no longer had jurisdiction over the motion for sanctions. Hugheses filed a motion to correct errors and a motion for a transcript at public expense. Both motions were denied and this appeal ensued.

## ISSUES

The issues presented in this case, which we have restated, are:

1. Is there an appealable issue before this court concerning the dismissal of the charges in Clark Superior Court, No. 1?

2. Was it error for the trial court to grant the state's motion to dismiss?

3. Did the court err in denying Hugheses' request for a transcript at public expense?

4. Did the court err in holding it had no jurisdiction to rule on the motion for sanctions?

## DISCUSSION AND DECISION

### Issues One and Two

The state asserts, and we agree, that Hugheses have presented no appealable issue concerning the court's granting of the state's motion to dismiss the charges in Clark Superior Court, No. 1. Our determination of this issue requires us to examine both the questions of what constitutes an appealable issue and the state's right to dismiss.

It is fundamental that a party cannot secure appellate review of a favorable decision unless he is in some manner aggrieved thereby. *Givan v. United States* (1956), 126 Ind.App. 425, 133 N.E.2d 577. Dismissal of criminal charges ordinarily is an action favorable to a defendant. Unless Hugheses were aggrieved by the dismissal no appeal can lie from that action.[4] This is in keeping with the rule that one seeking appellate review and reversal of a trial court decision must affirmatively show an erroneous ruling and resulting prejudice to the appellant. *Meeker v. Robinson* (1977), 175 Ind.App. 102, 370 N.E.2d 392. Reversal may be predicated only upon error which is prejudicial. *Smith v. State* (1982), Ind., 432 N.E.2d 1363. Therefore, we must determine whether Hugheses were prejudiced by the dismissal which requires us to examine the state's right to dismiss.

Indiana Code section 35-34-1-13 provides:

"(a) Upon motion of the prosecuting attorney, *the Court shall order the dismissal* of the indictment or information. The motion may be made at any time before the sentencing and may be made on the record or in writing.

(b) In any case where an order sustaining a motion to dismiss would otherwise constitute a bar to further prosecution of the crime charged, unless the defendant objects to dismissal, the granting of the motion does not bar a subsequent trial of the defendant on the offense charged. [Emphasis supplied.]"

The plain language of this statute requires the court to grant the prosecutor's motion to dismiss. The statute vests no discretion in the trial court; granting the motion to dismiss is mandatory. *Swinehart v. State* (1978), 268 Ind. 460, 376 N.E.2d 486; *Maxey v. State* (1976), 265 Ind. 244, 353 N.E.2d 457.

---

4. It is indeed a general rule that only a party aggrieved by a decision has the right to appeal from that decision. *Ford Motor Co. v. Jackson* (1975), 395 Mich. 578, 236 N.W.2d 449, 459 (opinion of Justice Coleman). "[O]nly an aggrieved party may properly seek relief from an appellate court." *Whiting v. Neuman* (1968), 11 Mich.App. 201, 160 N.W.2d 795.

■ Hugheses argue the trial court was not required to grant the dismissal because it (1) allowed the state to circumvent the court's order excluding certain evidence because of the violation of discovery orders, (2) denied them their right to a speedy trial, and (3) denied them due process of law and equal protection of the law. They also contend the re-filing of the charges in circuit court constituted prosecutorial vindictiveness. For the reasons hereinafter stated, we disagree.

Under the statute, the state had a right to dismiss and the court was required to order dismissal. Ind.Code § 35–34–1–13; *Swinehart; Maxey.* Dismissal of the charges did not result in any prejudice to Hugheses. If they were prejudiced at all, it was by the re-filing of the same charges in circuit court. Such is a tenuous argument at best.

■ Our supreme court clearly has held that where dismissal occurs prior to jeopardy attaching, there is no bar to re-filing an information charging the same offense in identical terms. *Johnson v. State* (1969), 252 Ind. 79, 246 N.E.2d 181; *Winters v. State* (1928), 200 Ind. 48, 160 N.E. 294. However, it is also clear that for purposes of the defendant's right to a speedy trial, such dismissal and re-filing does not extend the time in which to bring the defendant to trial. The time is counted from the first filing. *Maxey; Johnson.* Thus, Hugheses' arguments that their rights under Indiana Rules of Procedure, Criminal Rule 4, or constitutional right to speedy trial, were affected by the dismissal and refiling are erroneous.[5] However, they must raise any issue of speedy trial denial in the Clark Circuit Court, the court where the charges were re-filed.

■ Likewise, Hugheses' arguments that the dismissal should have been disallowed because such enabled the state to circumvent the court's order depriving the state of certain evidence as a sanction for discovery order violations is unavailing. In

fact, *Maxey* involves similar action to circumvent the alibi statute. In *Maxey*, the state failed to respond to the defendant's alibi notice. The information charged the wrong date. Realizing it would be unable to prove the correct date, the state dismissed and re-filed with the correct date. Our supreme court said:

"Appellant next argues that the grant of the motion to dismiss was an abuse of discretion, in that it permitted the State to circumvent the alibi statute and its purposes, and to get an amendment of substance to which it was not entitled. We agree that appellant's idea of the practical consequences of granting the motion is accurate. However, the further and practical effect of the dismissal and subsequent filing of the new charge showing the same offense to have occurred on the later date, is to give rise anew to the right of the accused to again invoke the alibi statute and have its sanctions applied against the State in the new case."

265 Ind. at 251, 353 N.E.2d at 461. This language from *Maxey* is equally applicable here. Hugheses could seek similar sanctions from the circuit court relative to the state's non-compliance with prior discovery orders.

■ Finally, Hugheses contend that allowing the state to dismiss the charges and then re-file them in a different court constituted prosecutorial vindictiveness as proscribed by *Cherry v. State* (1981), 275 Ind. 14, 414 N.E.2d 301, *cert. denied* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033, and *State v. Selva* (1983), Ind.App., 444 N.E.2d 329. To prevent such vindictiveness, they argue the dismissals should have been denied. We believe their interpretation of *Cherry* and *Selva* is faulty and disagree with their contention.

In *Cherry*, the defendant was charged with three separate counts. His motion for severance was granted and Counts II and

---

5. Hugheses argue that the only remedy for deprivation of the constitutional right to a speedy trial is dismissal of the charges. We agree. *Strunk v. United States* (1973), 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56. But no deprivation of their right to speedy trial has been shown here.

III were tried resulting in a conviction on Count II and a hung jury on Count III. After sentencing on Count II, the state dismissed Counts I and III. When Cherry's motion to correct errors was granted by the trial court, the state re-filed Counts I and III. Our supreme court rejected Cherry's claim of double jeopardy but found a denial of due process because of prosecutorial vindictiveness in re-filing the previously dismissed charges.

In *Selva*, the defendant was charged originally under four separate informations with burglary and three thefts. The state later dismissed these four cases and filed a ten count information including the original four charges and six new ones all arising from the same incidents. The defendant moved to dismiss the ten count information on the ground it was filed vindictively. The trial court granted the motion, dismissed the ten count information, and reinstated the original four cases. This court affirmed the dismissal and reversed the reinstatement of the original four charges. In discussing prosecutorial vindictiveness, Judge Staton wrote:

"Our Supreme Court has addressed the issue of prosecutorial vindictiveness with regard to charges dismissed after trial and refiled. *Cherry v. State* (1981) [275], Ind. [14], 414 N.E.2d 301, *cert. dismissed*, 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033. The court noted that the question involves a balancing of the defendant's due process rights against the broad discretion granted to the prosecutor. *Id.* [414 N.E.2d] at 305. When charges arising out of the same conduct are filed after appeal, 'the prosecution bears a heavy burden of proving that any increase in the number or severity of the charges was not motivated by a vindictive purpose....' *Id.* In that situation, actual vindictiveness is not required; rather the 'realistic apprehension of vindictiveness,' *Id.* [414 N.E.2d] at 306, controls.

The State argues that *Cherry* is not applicable because the additional charges against Selva were filed before trial. The United States Supreme Court has considered the increased weight to be given to prosecutorial discretion when additional charges are filed before trial. *United States v. Goodwin* (1982) [457] U.S. [368], 102 S.Ct. 2485, 73 L.Ed.2d 74. The Court stated that, where additional charges were filed six weeks after the defendant declined to plead guilty and asked for a jury trial, a presumption of vindictiveness would not be applied, although a defendant might be able to prove actual vindictiveness if 'the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do....' *Id.* [102 S.Ct.] at 2494."

444 N.E.2d at 330–31.

We perceive the evil in the action of the prosecutor's re-filing in *Cherry* to have been the attempt to attach a penalty to the defendant's successful exercise of his right to file a motion to correct errors or to prosecute an appeal. Here, unlike *Cherry*, the charges were not re-filed after a trial or after a successful motion to correct errors. In order to prevail on a claim of prosecutorial vindictiveness in this case, no presumption of vindictiveness will be applied. Rather, Hugheses must prove actual vindictiveness, and that issue had to be submitted to the circuit court where the re-filed charges were pending and an evidentiary hearing held on such question. No issue of prosecutorial vindictiveness is properly before us.

Because Hugheses claims of denial of due process and equal protection are founded upon their contention that the dismissals were improper, they also must fail on the due process and equal protection issues.

*Issue Three*

■ Hugheses contend the trial court erred in denying their request for a transcript at public expense. In fact, Hugheses did obtain and file a transcript. They have not demonstrated to us how they were prejudiced by the denial of their request for a free transcript. Having failed in their burden to affirmatively demon-

strate prejudice, they must fail on this issue.

*Issue Four*

 The final contention of Hugheses is that the trial court erred in holding it had no jurisdiction to rule on their motion for sanctions for alleged prosecutorial misconduct. In their brief they have not argued that they were entitled to any sanctions or even indicated what sanctions they sought or deemed appropriate. Thus this issue has been waived by their failure to present any cogent argument supporting it. *Lenard v. Adams* (1981), Ind.App., 425 N.E.2d 211; *Whitaker v. St. Joseph Hospital* (1981), Ind.App., 415 N.E.2d 737.

Finding no error, we affirm the trial court.

NEAL and ROBERTSON, JJ., concur.