**Michaelangelo REYNOLDS, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 64A03–9302–CR–42.**

Court of Appeals of Indiana,
Third District.

Dec. 22, 1993.

Transfer Denied Feb. 18, 1994.

**1320**

James V. Tsoutsouris, Porter County Public Defender, Terry E. Johnston, Asst. Public Defender, Valparaiso, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana, Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

1. IND.CODE 35–43–5–2.

2. Reynolds' counsel informed the trial court that he had advised Reynolds not to testify. Due to ethical considerations, counsel requested that Reynolds be allowed to present testimony in narrative form. Record, pp. 426, 435. The Supreme Court has held that defense counsel's

STATON, Judge.

Michaelangelo Reynolds appeals his conviction of forgery, a Class C felony,[1] presenting three issues for our review:

I. Whether Reynolds was entitled to a mistrial because the jury received signals that Reynolds was offering perjurious testimony.

II. Whether the trial court should have dismissed the charges against Reynolds because they were the product of prosecutorial vindictiveness.

III. Whether Reynolds was improperly restricted in his presentation of evidence.

We affirm.

Reynolds was previously employed as a herdsman on the dairy farm of Forest Warren. Warren routinely signed checks payable to the Indiana State Dairy Association ("ISDA") and placed those checks in Reynolds' custody. Upon the completion of milk analysis procedures by the ISDA representative, Reynolds would fill in the "amount" portion of the checks. The typical charge for milk analysis was $75.00.

When Warren received his October 1990 bank statement, he discovered that the First National Bank in Valparaiso had cashed Check No. 7164 in the amount of $2,675.89 and Check No. 7165 in the amount of $3,725.13. The checks were endorsed as follows: "Ind. State Dairy Ass'n, Mike Reynolds." Warren contacted the police; Reynolds was subsequently charged with forgery.

I.

*Mistrial*

Against his attorney's advice, Reynolds elected to testify in his own defense.[2] The trial court cautioned Reynolds as to the

duty to render effective assistance to a defendant does not require that counsel directly elicit testimony from a defendant where to do so would be unethical. The defendant may exercise his right to testify by employing a narrative form. *Nix v. Whiteside* (1986), 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123.

hazards of contravening his attorney's advice and admonished Reynolds not to repeat the substance of discussions held outside the jury's presence. Reynolds was permitted to offer a portion of his testimony in narrative form. During his narrative, Reynolds twice volunteered the information that his attorney had advised him not to testify. The trial court then directed Reynolds' attorney to resume control of the presentation of evidence. Reynolds' motion for a mistrial was denied.

Reynolds complains that he was denied a fair trial because his spontaneous statements and the trial court's response "signalled" the jury that he was offering perjurious testimony.

■ The trial court has discretion in determining whether to grant a mistrial, and its decision is afforded great deference on appeal because the trial court is in the best position to gauge the surrounding circumstances of the event and its impact on the jury. *Schlomer v. State* (1991), Ind., 580 N.E.2d 950, 955. To prevail on appeal, appellant must show that he was so prejudiced that he was placed in a position of grave peril to which he should not have been subjected. *Id.* However, mistrial is an extreme remedy in a criminal case which should be granted only when nothing else can rectify the situation. *Id.*

■ A defendant who creates his own cause for mistrial presents no error. *Avant v. State* (1988), Ind., 528 N.E.2d 74, 78.

■ Here, Reynolds' own outbursts—despite the trial court's admonitions—were the source of any possible signal to the jury that Reynolds was offering perjurious testimony. The defense attorney directly examined Reynolds at length and then asked if Reynolds wished to offer additional testimony. Neither the attorney or the trial court commented upon the unusual nature of the procedure employed. The actions of the defense attorney and trial court were not inconsistent with the jury presuming that Reynolds wished to offer certain testimony unhampered by the traditional question and answer format. *See*

*People v. Guzman* (1988), 45 Cal.3d 915, 248 Cal.Rptr. 467, 485, 755 P.2d 917, 935, *cert. denied,* 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1005.

Moreover, the trial court's directive that Reynolds' attorney resume control of the defense presentation was necessitated by Reynolds' continued disregard of the trial court's instructions. A trial court has the discretion to control the orderly examination of witnesses. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1075.

Reynolds has attempted to predicate error upon his own volunteered statements and the trial court's response thereto. Under these circumstances, the declaration of a mistrial was not warranted.

## II.

### Dismissal of Charges

Reynolds was initially charged with four class D felonies (cocaine possession, the theft of Warren's vehicle and the thefts of checking account funds in the amounts of $3,725.13 and $2,675.89). Plea negotiations involving the four counts proved unsuccessful. Reynolds was tried and convicted of cocaine possession but acquitted of vehicle theft. The State dismissed the two remaining theft counts and filed charges of forgery, a class C felony. Reynolds claims that the prosecutor vindictively filed the greater charges in response to his acquittal of theft and the imposition of a lenient sentence for cocaine possession.

■ Where charges arising out of the same conduct are filed after appeal, the prosecution bears the burden of proving that any increase in the number or severity of the charges was not motivated by a vindictive purpose. *Cherry v. State* (1981), 275 Ind. 14, 414 N.E.2d 301, 305, *cert. dismissed,* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033. However, where charges are modified before trial, the defendant is not entitled to a presumption of vindictiveness. *Cox v. State* (1985), Ind., 475 N.E.2d 664, 671; *State v. Selva* (1983), Ind.App., 444 N.E.2d 329, 331, *reh. denied.* Rather, the defendant must show that the decision

to add a charge was motivated by a desire to punish the defendant for doing something the law allowed him to do. *Coates v. State* (1989), Ind., 534 N.E.2d 1087, 1090. In reviewing the trial court's decision granting or denying the dismissal of charges for prosecutorial vindictiveness, we will not reweigh the evidence or judge the credibility of witnesses. *Selva, supra,* at 331.

 A prosecutor may file additional charges where an initial expectation that a defendant would plead guilty to lesser charges proves unfounded. *United States v. Goodwin* (1982), 457 U.S. 368, 380, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74. In plea bargaining, there is no element of retaliation so long as the accused is free to accept or reject the prosecution's offer. *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604. Moreover, the filing of additional charges after corroborative information is gained does not evince prosecutorial vindictiveness. *Cox, supra.*

 At the hearing on Reynolds' motion to dismiss, the prosecutor responded to the allegations of vindictiveness by offering evidence that the State and Reynolds had engaged in futile plea negotiations. Reynolds was presented with the alternative of pleading guilty to class D felony theft charges or facing class C felony forgery charges; he elected to proceed to trial. The prosecutor further indicated that he met with the victim after plea negotiations broke down and at that meeting first learned that the victim had in his possession the checks in question. We will not reassess his credibility. *Selva, supra.*

The filing of charges supported by probable cause subsequent to a break down in plea negotiations does not constitute retaliation for the defendant's exercise of his right to trial. *Goodwin, supra; Bordenkircher, supra.* Reynolds has not shown that the forgery charges were the product of prosecutorial vindictiveness. Thus, the trial court did not err in denying the motion to dismiss the charges.

III.

*Admission of Evidence*

Finally, Reynolds complains that he was improperly prevented from testifying that his ex-wife was able to duplicate his signature. The record belies Reynolds' contention:

> Question: Okay. Prior to October 10th of 1990, had you ever seen Patricia Reynolds sign your signature?
>
> Reynolds: Yes, sir.
>
> \* \* \* \* \* \*
>
> Question: Had you ever seen her attempt to duplicate or replicate your style of handwriting or printing?
>
> Reynolds: On a regular basis. Yes, sir.
>
> Question: I take it that would be more than once?
>
> Reynolds: Yes, sir.

Record, pp. 475–76.

Reynolds' contention that his testimony was improperly restricted is without merit.

Affirmed.

HOFFMAN and BARTEAU, JJ., concur.