**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Griner & Company
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LARRY BOBBITT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 71A03-1306-CR-221 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1302-FA-6

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Larry Bobbitt ("Bobbitt") was convicted after a jury trial of Burglary, as a Class B felony,[1] and Possession of Marijuana, as a Class D felony,[2] and was sentenced to an aggregate term of imprisonment of twenty years. He now appeals.

We affirm.

**Issues**

Bobbitt raises three issues for our review, which we restate as:

I.    Whether the trial court abused its discretion when it denied his motion to dismiss the State's charges against him;

II.   Whether there was sufficient evidence adduced at trial to support his conviction for Burglary; and

III.  Whether his sentence was inappropriate.

**Facts and Procedural History**

On June 3, 2012, in response to an intrusion alarm, South Bend Police Department Officers Blake Paturalski ("Officer Paturalski") and Joshua Mann ("Officer Mann") were dispatched to a residence on West Poland Street in South Bend. Officer Paturalski arrived at the scene first, began to move toward the back of the house, and heard urgent voices and the sound of objects being moved around coming from inside the home. When Officer Mann arrived, he joined Officer Paturalski at the rear of the house.

---

[1] Ind. Code § 35-43-2-1(1).

[2] I.C. § 35-48-4-11.

The two officers called for backup and began to position themselves to monitor the rear door of the home. Officer Paturalski could see from his position that the storm door outside the rear door of the home had been damaged and a screen had been torn. Before backup could arrive, an individual who would later be identified as Bobbitt burst from the rear door of the residence, running, sweating profusely, and breathing heavily while holding two trash bags in his gloved hands. The officers ordered Bobbitt to drop the bags, raise his hands in the air, and get on the ground; after a brief moment of hesitation, Bobbitt complied. Officer Mann handcuffed Bobbitt.

After other officers arrived, two other individuals were arrested by police.

After handcuffing Bobbitt, Officer Mann asked Bobbitt if he had any other items on his person. Bobbitt said he did, and indicated to the right leg of his sweat pants. In the right leg of the pants, Officer Mann found a gallon-sized plastic bag. This bag and the two garbage bags were sent for narcotics testing; two of the bags were determined to have contained marijuana, and a third bag was determined to have held cocaine.

Upon entering the home, which was furnished and appeared to have been lived in, officers found the tenant's belongings ransacked. Inspection of the rear door of the home showed that it had been kicked open: a muddy footprint was found near the doorknob, and the wooden doorframe had been cracked.

On June 4, 2012, Bobbitt was charged with Burglary, as a Class B felony. His trial was set for March 12, 2013. Bobbitt and the State engaged in plea negotiations, which were ultimately unfruitful.

On February 6, 2013, the State dismissed the information filed on June 4, 2013. On February 8, 2013, the State filed a new charging information, which alleged that Bobbitt had committed Dealing in Cocaine, as a Class A felony;[3] Burglary, as a Class B felony; and Possession of Marijuana, as a Class D felony.

On May 8, 2013, Bobbitt filed a motion to dismiss the charges for Dealing in Cocaine and Possession of Marijuana, alleging that the State filed the additional charges vindictively because Bobbitt ultimately insisted upon going to trial on the single charge of Burglary that had been filed on June 4, 2012. On May 9, 2013, a hearing was conducted on Bobbitt's motion to dismiss, and the trial court denied the motion.

A jury trial was conducted on May 14 and 15, 2013. At the conclusion of the trial, the jury found Bobbitt guilty of Burglary, as a Class B felony, and Possession of Marijuana, as a Class D felony. The jury did not reach a unanimous verdict on the charge of Dealing in Cocaine, as a Class A felony, as to which the trial court declared a mistrial.

A sentencing hearing was conducted on June 5, 2013. During the hearing, the State moved to dismiss the charge of Dealing in Cocaine, and the trial court granted the motion. At the conclusion of the hearing, the trial court sentenced Bobbitt to twenty years imprisonment for Burglary and three years imprisonment for Possession of Marijuana. The sentences were run concurrently, yielding an aggregate sentence of twenty years imprisonment.

This appeal ensued.

---

[3] I.C. § 35-48-4-1.

**Discussion and Decision**

<u>Motion to Dismiss</u>

Bobbitt's first contention upon appeal is that the trial court erred when it denied his motion to dismiss the Dealing in Cocaine and Possession of Marijuana charges in the February 8, 2013 charging information, which the State filed after it dismissed the June 4, 2012 charging information that included only a charge for Burglary.

We review a trial court's decision on a motion to dismiss a charging information for an abuse of discretion. <u>State v. Isaacs</u>, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). Under this standard of review, we reverse a trial court's order only when the decision is clearly against the logic and effect of the facts and circumstances. <u>Id.</u>

Here, Bobbitt contends that the trial court abused its discretion when it did not dismiss the February 8, 2013 charges for Dealing in Cocaine and Possession of Marijuana because the State's decision to seek these additional charges was vindictive prosecution. Bobbitt argues that the State brought the February 8, 2013 charges because he declined to enter into a plea agreement on the June 4, 2012 information, under which he was charged with Burglary.

The Due Process clauses of Article I, section 12 of the Indiana Constitution and the Fourteenth Amendment to the United States Constitution prohibit prosecutorial vindictiveness. <u>Owens v. State</u>, 822 N.E.2d 1075, 1077 (Ind. Ct. App. 2005) (citing <u>Blackledge v. Perry</u>, 417 U.S. 21 (1974); <u>Warner v. State</u>, 773 N.E.2d 239 (Ind. 2002)). "Prosecutorial vindictiveness may be presumed in certain cases in which a defendant is punished for doing something the law plainly allowed him to do." <u>Huffman v. State</u>, 543

5

N.E.2d 360, 367 (Ind. 1989) (citing United States v. Goodwin, 457 U.S. 368 (1982)). Thus, fear of vindictiveness associated with successfully appealing a criminal conviction, subsequent to which a prosecutor might seek an increased penalty with a new set of charges, was held by the United States Supreme Court to amount to prosecutorial vindictiveness that may violate a defendant's due process rights. Cherry v. State, 275 Ind. 14, 19, 414 N.E.2d 301, 305 (1981) (citing Blackledge, 417 U.S. at 28). Prosecutorial vindictiveness has also been found where a first attempt at a trial ended in a mistrial and the State amended the charging information to add new charges or a habitual offender enhancement prior to a second trial, where no new evidence was discovered. Warner v. State, 773 N.E.2d 239, 243 (Ind. 2002); Murphy v. State, 453 N.E.2d 219, 223 (Ind. 1983).

However, "'pre-trial action'" by the State—including amendment of charges—is "'presumptively valid.'" Johnson v. State, 959 N.E.2d 334, 342 (Ind. Ct. App. 2011) (quoting Penley v. State, 506 N.E.2d 806, 811 (Ind. 1987)), trans. denied. To establish a claim of vindictiveness in such situations, a defendant must show actual vindictiveness. Id. "Actual vindictiveness occurs when the prosecutor's charging decision was motivated by a desire to punish the defendant for doing something that the law plainly allowed him to do." Id. (quoting State v. Selva, 444 N.E.2d 329, 331 (Ind. Ct. App. 1983)) (quotations marks and citations omitted). We have found no abuse of discretion where a plea agreement was filed with and rejected by the trial court, after which the State amended a charging information to include additional charges and a deputy prosecuting attorney's testimony supported the trial court's conclusion that the State did not add a count based on a desire to punish the

6

defendant. Id. at 343-44. We have also held that a trial court did not err in denying a motion to dismiss charges where a defendant engaged in plea negotiations but elected to go to trial, where the State offered the alternative of pleading guilty to a class D felony or going to trial on Class C felony charges. Reynolds v. State, 625 N.E.2d 1319, 1322 (Ind. Ct. App. 1993), trans. denied.

Here, Bobbitt and the State engaged in plea negotiations. No plea agreement was reached, and Bobbitt ultimately decided to exercise his right to a jury trial. The State dismissed the single count of Burglary and refiled charges against Bobbitt, maintaining the Burglary charge and adding the two narcotics charges. Thus, the State's decision to refile the Burglary charge and add the Dealing in Cocaine and Possession of Marijuana charges came before a trial, and was therefore presumptively valid. See Johnson, 959 N.E.2d at 342.

During the hearing on the motion to dismiss, the State indicated that there was "some e-mail communication between the other deputy [prosecutor] and [Bobbitt], discussing the possibility of [charges for] the cocaine as an A felony and the marijuana being filed." (Tr. at 6.) In addition, the State indicated that the cocaine recovered from Bobbitt at the time of his arrest had inadvertently not been promptly forwarded for testing to the crime lab. (Tr. at 5.) And Bobbitt baldly asserted prosecutorial vindictiveness before the trial court without producing any evidence of actual vindictiveness. Thus, without producing any evidence to overcome the presumption of validity associated with the State's pre-trial decision to add charges—the nature of which may already have been known to Bobbitt—we cannot conclude that the trial court abused its discretion when it denied the motion to dismiss.

7

Sufficiency

We turn next to Bobbitt's contention that there was insufficient evidence to sustain his conviction for Burglary. Our standard of review in such cases is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Bobbitt was charged with Burglary, as a Class B felony. To obtain a conviction, the State was required to prove beyond a reasonable doubt that Bobbitt broke and entered into the residence on West Poland Street in South Bend, with the intent to commit therein the felony of Theft. I.C. § 35-43-2-1(1). On appeal, Bobbitt argues that there was insufficient evidence that his presence in the residence was unauthorized, and that there was insufficient evidence that he intended to commit Theft while in the home.

With respect to Bobbitt's contention that the State did not establish that his presence in the home was unauthorized, "the burglary statute's requirement that the dwelling be that of another person is satisfied if the evidence demonstrates that the entry was unauthorized." K.F. v. State, 961 N.E.2d 501, 507 (Ind. Ct. App. 2012) (citations and quotations omitted),

8

trans. denied. This is so even if there is evidence that a defendant may have previously had a right to possession of the structure. Id.

Here, there was no evidence that Bobbitt had any right to be in the home at any point in time. The State introduced into evidence a lease that named the then-current lessee of the home; Bobbitt was not named in the lease, and the lease did not permit any adult occupants of the residence other than the named tenant. The State also introduced testimony from J.P. Wieglos, an employee of the home's landlord, who testified that Bobbitt had not been authorized by the lessor to be in the home. Testimony from Officer Paturalski established that two minutes elapsed between the time he was dispatched to the home and his arrival on the premises, and that the back door of the home bore evidence of having been kicked open. Bobbitt was encountered by police when he burst out running from this door. Taken together, this was sufficient evidence from which a reasonable finder of fact could conclude beyond a reasonable doubt that Bobbitt was not authorized to be in the home.

We turn next to Bobbitt's argument that there was insufficient evidence of his intent to commit theft in the home. To obtain a conviction for Burglary, with the intent to commit Theft, "the State must prove a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." Freshwater v. State, 853 N.E.2d 941, 944 (Ind. 2006). Neither breaking and entering alone, nor evidence of flight alone, are sufficient to prove the requisite intent. Id. at 943. Taken with other factors, however, such as removal of property from the premises, there may be sufficient evidence of intent to sustain a conviction. Id.

Here, Officer Paturalski testified that, when he arrived at the residence and began to investigate, he heard urgent voices coming from within the home. When he and Officer Mann encountered Bobbitt, Bobbitt had just burst out of the rear door of the home, running and holding two garbage bag-like objects; one bag was determined to have held cocaine, the other to have held marijuana. A substantial amount of marijuana was found concealed in Bobbitt's pants leg. Officer Mann observed that, in the June heat, it was unusual to see someone wearing gloves—yet Bobbitt was doing so. And after Bobbitt and the other individuals were arrested, the investigation revealed that while electronics and other valuable items were not missing, the home nevertheless appeared to have been ransacked.

Taken together, this is sufficient evidence from which a reasonable finder of fact could conclude that Bobbitt intended to commit Theft while in the residence. Accordingly, we affirm the Bobbitt's conviction for Burglary, as a Class B felony.

Inappropriateness of Sentence

We turn now to the last of Bobbitt's claims on appeal, that his aggregate twenty-year sentence was inappropriate in light of the nature of his offenses and his character.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due

10

consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Here, Bobbitt was convicted of Burglary, as a Class B felony, which carries a sentencing range of between six and twenty years, with an advisory term of ten years imprisonment, I.C. § 35-50-2-5; Bobbitt was sentenced to the maximum term. Bobbitt was also convicted of Possession of Marijuana, as a Class D felony, which carries a sentencing range of between six months and three years, with an advisory term of 1½ years, I.C. § 35-50-2-7(a); Bobbitt was sentenced to the maximum term. The sentences were run concurrent with one another, yielding an aggregate twenty-year term of imprisonment.

Here, Bobbitt, along with two other persons, broke into a residence with the intent to steal property from it. The home was ransacked and many valuable items were left behind, but Bobbitt was found fleeing the home with substantial amounts of two different narcotics. Generally, it is desirable for illegal narcotics to be removed from a residence. Here, however, Bobbitt's offense compounded the level of risk associated with drug-related crime in government-subsidized residential neighborhoods. This type of criminal activity effectively increases the risk of harm to innocent bystanders from crimes associated with illegal drug-related activities.

Bobbitt's prior conduct also does not reflect well on him. He has a series of encounters with police, beginning as a juvenile in 1993 and continuing beyond his commission of the instant offenses. In 1996 and again in 1998, Bobbitt was convicted of Robbery. As a result of the second Robbery conviction, his probation was revoked in 1998. Bobbitt was convicted of narcotics offenses—including possession of marijuana and cocaine—in 2008, and in 2012 he admitted to violating the terms of a treatment program that was ordered as part of his sentence in that case. The instant offenses were committed soon after Bobbitt's 2012 release from his sentence in the 2008 case. Bobbitt indicated that he had been involved in street gang activities in the past, has had only very sparse employment, and has six children from prior relationships, leading to a child support arrearage of $40,000. Bobbitt has admitted to prior abuse of marijuana, which caused difficulties with finances and interpersonal relationships.

Having thus reviewed the matter, we conclude under Appellate Rule 7(B) that the trial court did not impose an inappropriate sentence, and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

The trial court did not abuse its discretion when it denied Bobbitt's motion to dismiss the charging information. There was sufficient evidence to sustain Bobbitt's conviction for Burglary. Bobbitt's sentence was not inappropriate.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.