

FILED

Jun 29 2016, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

<table>
<tr><td>

ATTORNEYS FOR APPELLANT

Christopher L. Riegler
Kimberly E. Schroder
Hall, Render, Killian,
Heath & Lyman, P.C.
Indianapolis, Indiana

</td><td>

ATTORNEY FOR APPELLEE

Martin H. Kinney Jr.
Dolt, Thompson, Shepherd &
Kinney, PSC
Louisville, Kentucky

</td></tr>
</table>

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>

Anonymous M.D. and
Anonymous Hospital,

*Appellants-Petitioners,*

v.

Kenneth Lockridge, on behalf of
Lily Lockridge, Rose Lockridge,
and Kenneth Lockridge, Jr.,
Minors,

*Appellees-Respondents,*

and

Commissioner of Indiana
Department of Insurance,

*Non-Moving Respondents*

</td><td>

June 29, 2016

Court of Appeals Case No.
39A01-1509-CT-1498

Appeal from the Jefferson Circuit
Court

The Honorable Darrell M. Auxier,
Judge

Trial Court Cause No.
39C01-1412-CT-982

</td></tr>
</table>

**Baker, Judge.**

Traci Leach died from lung cancer after a radiologist failed to diagnose a tumor on a CT scan. After Leach's death, multiple medical malpractice claims were filed, including a claim filed by three of her young children. The trial court dismissed all of the claims except for the children's because the claims were untimely filed. But it found that because the children were under the age of six at the time of the alleged negligence and under the age of eight at the time of the filing of the complaint, their claims were not time-barred. Given the plain language of the statutes at issue, we find that the trial court did not err by finding that the children's claims were not time-barred.

Anonymous M.D. (the Doctor) and Anonymous Hospital (the Hospital) (collectively, the Appellants) bring this interlocutory appeal of the trial court's order partially denying their summary judgment motion. The Appellants argue that the two-year statute of limitations applies to the claims of Traci's children and that the trial court erred by denying summary judgment on those claims. We affirm and remand for further proceedings.

## Facts[1]

On July 6, 2011, Traci Leach underwent a CT scan at the Hospital. The CT scan was later interpreted by the Doctor, who failed to identify a lung tumor

---

[1] We held oral argument in Indianapolis on June 14, 2016. We thank counsel for both parties for their outstanding written and oral presentations.

that was allegedly present and diagnosable on the CT scan. Traci learned on August 30, 2012, that she had lung cancer, and she died on July 17, 2014.

[4] Traci and Kenneth Lockridge had three children together: Lily, Rose, and Kenneth Jr. (the Children). Leach also had two other children, Dustin and Ashley Leach. On August 27, 2014, the Children, Dustin and Ashley Leach, and Traci's Estate filed a complaint with the Indiana Department of Insurance, alleging that the Appellants had acted negligently and that the negligence resulted in Traci's death. Kenneth alleges that in July 2011, the Children were under the age of six and that at the time the complaint was filed, they were under the age of eight.[2]

[5] On December 12, 2014, the Appellants filed a motion for summary judgment in the trial court, arguing that they were entitled to judgment as a matter of law because the complaint was not timely filed. On July 20, 2015, the trial court issued an order granting summary judgment with respect to the claims of the Estate, Dustin, and Ashley. It denied summary judgment with respect to the Children. In pertinent part, the trial court found as follows:

Findings of Fact

***

---

[2] There is no evidence in the record establishing the ages of the Children. While there was evidence regarding their ages contained within the Children's response to the Appellants' summary judgment motion, the trial court struck that response and evidence attached thereto from the record because it was untimely filed. We will address the issue of the Children's ages below. It is undisputed that Dustin and Ashley were over the age of six in July 2011 and over the age of eight when the complaint was filed.

4.    Traci Leach became aware of the alleged malpractice and resulting injury over ten months before the two year limitation period prescribed by the Medical Malpractice Act ("MMA") expired.

***

9.    Three of Leach's children . . . were less than six years of age in July of 2011.  Her remaining children, Dustin Leach and Ashley Leach, were more than six years of age in July of 2011. [fn 1]

> [fn1]   The Court has . . . stricken the . . . sole source of information regarding the ages of the children.  The Court assumes that there is no material issue of fact as to the ages of the children and that their ages are as found by the Court. . . . Without knowledge of the children's ages, the Court would be compelled to deny Petitioner's motion as to all the children. . . .

***

Conclusions of Law

***

4.    . . . Leach had ample time to file her action between the date of her discovery (August 30, 2012) and the date of the running of the occurrence based statute of limitations (July 8, 2013).  Her failure to do so barrs [sic] her Estate from pursuing its claim.

5.    . . . The children's claims are derivative claims. . . . Persons having derivative claims are patients within the meaning of Indiana Code 34-18-2-22. . . .

***

7.      The fact that their mother's underlying claim is time
        barred does not prevent the Leach children from pursuing
        a derivative claim.  A derivative claim may be maintained
        even if the underlying claim would be time barred.

                                    ***

12.     Indiana Code 34-18-7-1, the MMA statute of limitations,
        provides that a medical malpractice claim is barred unless
        it is filed within two years after the date of the alleged
        malpractice, except that a minor less than six years of age
        has until the minor's eighth birthday to file.

13.     The claims of Dustin Leach and Ashley Leach are time-
        barred as they were not filed within 2 years of the date of
        occurrence . . . .

14.     [The Children] were less than six years of age on the date
        of the occurrence of the alleged malpractice.  Pursuant to
        Indiana Code 34-18-7-1 they had until their eighth
        birthdays to timely file their claims.  Their claims were,
        therefore, timely filed and are not barred by the MMA
        statute of limitations.

Appellants' App. p. 58-64 (internal citations omitted).  The Appellants now

bring this interlocutory appeal of the denial of their summary judgment motion

with respect to the Children.

# Discussion and Decision

## I.  Standard of Review

[6]    Our standard of review on summary judgment is well settled:

       We review summary judgment de novo, applying the same
       standard as the trial court:  "Drawing all reasonable inferences in

favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). To the extent that the resolution of this case turns on an issue of statutory interpretation, we apply a de novo standard of review. *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501, 513 (Ind. Ct. App. 2015).

## II. Statute of Limitations

The Appellants contend that the Children's negligence claim is barred by the relevant statute of limitations and that, as a result, summary judgment should be granted in favor of the Appellants. A medical malpractice defendant who asserts the statute of limitations as a defense bears the burden of establishing that the action was commenced beyond the statutory period. *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind. 2000). Once the defendant meets that burden, the burden shifts to the plaintiff to establish "an issue of fact material to a theory that avoids the defense." *Id.* Failure to file a proposed medical malpractice complaint within the statute of limitations is generally fatal to that claim. *McGill v. Ling*, 801 N.E.2d 678, 682 (Ind. Ct. App. 2004).

[8]     Indiana Code section 34-18-7-1(b) provides as follows:

> A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

The parties disagree about a number of things with respect to this statute of limitations: (1) the date on which it began to run; (2) whether an exception applies; and (3) whether the Children's derivative claim can survive after the underlying claim was dismissed as untimely.

[9]     At the outset, we note that the parties also disagree about whether the Children's ages have been established such that the tolling provision even arguably applies. It is true that the Children's summary judgment response, which contained the only evidence establishing their ages, was struck as untimely. The trial court noted in its order that there was no material dispute regarding the Children's ages but explicitly stated that if the ages in the order were incorrect, a motion to correct error to that effect could be filed. Appellant's App. p. 60 n.1. The Appellants filed a motion to correct error and raised the Children's ages as an issue therein, but they merely argued that there was insufficient evidence supporting the ages—not that the ages were incorrect. It is apparent that there is no genuine dispute regarding the Children's ages, and we decline to resolve this case on such a narrow, technical basis. We turn, therefore, to the parties' substantive arguments.

## A. When Did the Limitations Period Begin to Run?

Here, the parties debate about whether the two-year statute of limitations began to run on the date of the alleged negligence or on the date of Traci's death. Our Supreme Court has already answered this question. If the patient's death was caused by the malpractice, then the "claim must be filed within two years of the occurrence of the malpractice." *Ellenwine v. Fairley*, 846 N.E.2d 657, 665 (Ind. 2006). The *Ellenwine* Court reached this result by examining the purposes of the MMA:

> One of the principal legislative purposes behind the MMA in general and the two-year occurrence-based statute of limitations in particular was to foster prompt litigation of medical malpractice claims. Because a patient who has been the victim of medical negligence could well live many more than two years beyond the occurrence of the malpractice only to ultimately die as a result of it, applying the two-years-after-death limitations period of the wrongful death statute where a patient dies from the malpractice seems to us totally inconsistent with this legislative goal.

*Id.* at 664. In the case at hand, therefore, the occurrence-based two-year statute of limitations contained within the MMA applies notwithstanding the fact that Traci died as a result of the alleged negligence. In other words, the two-year limitations period began to run on July 6, 2011, the date on which the alleged negligence occurred, and had lapsed by the time the parties filed their complaint on August 27, 2014, unless an exception applies.

# B.  Does an Exception Apply?

There may be instances in which discovery of alleged malpractice after the alleged malpractice occurs extends the statute of limitations.  Our Supreme Court has provided a framework in which to evaluate this situation.  First, a court must determine the date on which the alleged malpractice occurred, and second, it must determine the "trigger date," which occurs when the claimant has sufficient information that a reasonably diligent person would have discovered the alleged malpractice.  *Booth v. Wiley*, 839 N.E.2d 1168, 1172 (Ind. 2005).

If the trigger date occurs more than two years beyond the date of the malpractice, then the claimant has two years after discovery to initiate the claim.  *Id.* at 1169.  But if the trigger date is within the two years following the malpractice, the action must be initiated within the two-year limitation "unless it is not reasonably possible for the claimant to present a claim in the time remaining after discovery and before the end of the statutory period."  *Id.* at 1172.

If the claimant has insufficient time to file, the claim must be initiated "within a reasonable time" following discovery.  *Id.*  So long as the time remaining is not so short "that it is impractical for a plaintiff to file a claim at all," the two-year statute of limitations applies.  *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 697-98 (Ind. 2000).  Courts of this State have found that time periods ranging from four to eleven months were sufficient for a medical malpractice claim to

be filed.  *See Herron v. Anigbo*, 897 N.E.2d 444, 453 (Ind. 2008) (four months); *Overton v. Grillo*, 896 N.E.2d 499, 504 (Ind. 2008) (nine months); *Boggs*, 730 N.E.2d at 699 (eleven months).

[14] In this case, the alleged negligence occurred on July 6, 2011, meaning that the two-year statute of limitations expired on July 6, 2013.  The Appellants argue that the trigger date in this case is August 30, 2012, when Traci learned that she had lung cancer.  We agree.  If that is the trigger date, then the two-year statute of limitations applies and Traci had ten remaining months in which to file her claim.  We also agree that ten months is a sufficient time in which to file and that, consequently, no discovery-based exception to the two-year period should apply.  That said, the Children may still be entitled to pursue their claim based on the tolling provision in the statute.

## C.  The Tolling Provision

[15] As noted above, the relevant MMA statute provides that "[a] claim" sounding in medical malpractice must be filed within two years of the alleged negligence, "except that a minor less than six (6) years of age has until the minor's eighth birthday to file."  I.C. § 34-18-7-1(b).  The central question presented by this case—whether the minor included in this statute must be the party injured by the alleged negligence or, instead, may be a non-injured party bringing a derivative claim—is an issue of first impression.

[16] The statute applies to a claim based upon "health care" provided by a healthcare provider.  I.C. § 34-18-7-1(b).  "Health care" is defined as "an act or

treatment performed or furnished, or that should have been performed or furnished, by a health care provider *for, to, or on behalf of a patient* during the patient's medical care, treatment, or confinement." I.C. § 34-18-2-13 (emphasis added). "Patient," in turn, is defined as follows:

> an individual who receives or should have received health care from a health care provider, under a contract, express or implied, and *includes a person having a claim of any kind, whether derivative or otherwise*, as a result of alleged malpractice on the part of a health care provider. *Derivative claims include the claim of a* parent or parents, guardian, trustee, *child*, relative, attorney, or any other representative of the patient including claims for loss of services, loss of consortium, expenses, and other similar claims.

I.C. § 34-18-2-22 (emphases added). The plain language of this statute includes derivative claimants as "patients," and includes the claims of children as derivative claims. Our legislature could have drafted the definition of patients to exclude derivative claimants, but it elected not to do so. We are bound by the language it selected, which clearly includes derivative claimants as patients.

[17] The portion of the statute that tolls the two-year limitations period likewise contains no limitation excluding derivative claimants. Instead, it merely says that the two-year limitations period applies "except that a minor less than six (6) years of age has until the minor's eighth birthday to file." I.C. § 34-18-7-1(b). Here, again, the General Assembly could have provided that the "minor" included within the tolling provision must be the person who underwent the allegedly negligent medical treatment. It did not do so. Given that the statute applies to "health care" negligence claims, that "health care" is provided to

"patients," that "patients" explicitly includes derivative claimants, and that there is no further limitation of these terms, we can only conclude that the tolling provision applies to children whether they are bringing direct or derivative medical malpractice claims. Therefore, we decline to reverse the trial court on this basis.

[18] The Appellants argue that even if the tolling provision would apply to derivative claims brought by children, in this case it does not save their claim because the underlying claim was dismissed as untimely. They direct our attention to *Ellenwine*, in which our Supreme Court held that when an adult patient is the victim of medical negligence and dies as a result of the negligence, a derivative action for consortium under a wrongful death claim must be filed within the MMA's two-year limitations period rather than under the limitations period provided by the statutory scheme governing wrongful death actions. 846 N.E.2d at 664. In other words, if the underlying claim is time-barred, so must be the claim that derives from it. To hold otherwise would be to make an end-run around the purposes of the MMA—to "foster prompt litigation of medical malpractice claims." *Id.*

[19] We acknowledge the wisdom of the *Ellenwine* holding but find that it does not apply to child claimants who fall under the tolling provision. The General Assembly has carved out an explicit exception to the two-year statute of limitations for children in a limited and specific age range. We have already held that those children may be either direct or derivative claimants. It would render the tolling provision meaningless as to children who are derivative

claimants to say that they are nonetheless bound by the two-year limitations period governing all other claims. It is well established that we may not interpret one provision of a statute in a way that renders other provisions of the statute meaningless. *E.g.*, *Henderson v. Coutee*, 829 N.E.2d 1028, 1030 (Ind. Ct. App. 2005). Given that our legislature has decided to treat children under the age of eight in a special way for the purpose of the medical malpractice limitations period and has not limited the special treatment to direct claimants, we find that the tolling provision must apply whether the children are derivative or direct claimants. Consequently, the trial court did not err by determining that the Children in this case were not time-barred because of the two-year statute of limitations period governing the underlying claim from which their claim derives.

[20] The judgment of the trial court is affirmed and remanded for further proceedings.

May, J., and Brown, J., concur.