**Tammy KASER and Fraternal Order of Police Lodge No. 86, Inc., Appellants–Plaintiffs,**

**v.**

**Jerry L. BARKER, as Chief of the Indianapolis Police Department, The Indianapolis Civilian Merit Board, and The City of Indianapolis, Indiana, Appellees–Defendants.**

No. 49A02–0311–CV–949.

Court of Appeals of Indiana.

July 19, 2004.

---

**40.** Appellant's Motion for Oral Argument is hereby denied.

John F. Kautzman, Ruckelshaus, Roland, Kautzman, Blackwell & Hasbrook, Indianapolis, IN, Attorney for Appellants.

Allison Wells Gritton, Office of Corporation Counsel for the City of Indianapolis, Indianapolis, IN, Attorney for Appellees.

## OPINION

KIRSCH, Chief Judge.

Tammy Kaser and the Fraternal Order of Police Lodge No. 86, Inc. (collectively "Kaser") appeal the trial court's entry of summary judgment in their suit against Jerry Barker, the Chief of the Indianapolis Police Department, the Indianapolis Civilian Merit Board, and the City of Indianapolis (collectively the "City"). She argues that the trial court erred in interpreting the city ordinance governing promotions within the police department as giving the police chief and merit board discretion in selecting individuals for promotions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Kaser participated in the Indianapolis Police Department's lieutenant promotion process. As part of this process, the candidates, including Kaser, underwent a series of performance evaluations and were ranked by the results. Kaser ranked twenty-third out of fifty-two candidates. In February 2002, a candidate ranked fortieth was promoted; Kaser was not.

In April 2002, Kaser filed suit alleging that the promotion of lower-ranked candidates violated Section 253–207(j) of the Indianapolis City Code. In July 2003, the City moved for summary judgment. The parties stipulated as to the relevant facts and agreed that the case turned solely on the construction of the ordinance. The trial court's order adopted the City's interpretation and was adverse to Kaser. She now appeals.

## DISCUSSION AND DECISION

■ Kaser contends that the trial court erred in interpreting the ordinance because it requires individuals to be selected for promotion based solely on their performance in the promotion process and does not give the police chief and merit board discretion in selecting individuals for promotions.

In reviewing the grant or denial of a motion for summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1046 (Ind.Ct.App. 2003); *Ross v. Indiana State Bd. of Nursing*, 790 N.E.2d 110, 115–16 (Ind.Ct.App. 2003). Summary judgment should be granted when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. Ind. Trial Rule 56(C); *Poznanski ex rel. Poznanski v. Horvath,* 788 N.E.2d 1255, 1258 (Ind.2003); *Reeder v. Harper,* 788 N.E.2d 1236, 1240 (Ind.2003). Accordingly, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Wilson,* 790 N.E.2d at 1046. The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Id.; Ross,* 790 N.E.2d at 116; *New Albany–Floyd County Educ. Ass'n v. Ammerman,* 724 N.E.2d 251, 256–57 (Ind.Ct.App.2000).

■ The parties agree that this case turns solely on the interpretation of the following ordinance:

> Promotion shall be made by the chief of police with the approval of the merit board. Such promotions shall be made to position vacancies identified by the chief of police and designated to be filled by the chief and the director of public safety. In making final selection for promotion, the chief shall promote the candidate receiving the highest promotion score who, in the opinion of the chief and the merit board, is best qualified for the position.

Revised Code of the Consolidated City and County § 253–207(j). In Indiana, the rules of statutory construction are to be applied in construing an ordinance. *Metro. Bd. of Zoning Appeals of Marion County v. Shell Oil Co.,* 182 Ind.App. 604, 608–09, 395 N.E.2d 1283, 1286 (1979).

■ We review the construction of statutes de novo, giving no deference to the trial court's interpretation, *S.H. v. D.H.,* 796 N.E.2d 1243, 1245 (Ind.Ct.App. 2003), because the interpretation of a statute is a question of law. *Orban v. Krull,* 805 N.E.2d 450, 453 (Ind.Ct.App.2004). Appellate courts independently review the statute's meaning and apply it to the facts

of the case under review. *Johnson v. Eldridge,* 799 N.E.2d 29, 34 (Ind.Ct.App. 2003), *trans. denied* (2004). We may not construe a statute in a manner that would impair the function the legislature intended it to possess. *Id.* Our goal is to ascertain the intent of the legislature by giving effect to the language that was used. *In re Commitment of Berryman,* 797 N.E.2d 820, 822 (Ind.Ct.App.2003); *S.H.,* 796 N.E.2d at 1245. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Berryman,* 797 N.E.2d at 822; *S.H.,* 796 N.E.2d at 1245. We must not interpret one provision of a statute so as to render other provisions of the same meaningless. *Groves v. Groves,* 704 N.E.2d 1072, 1075 (Ind.Ct.App.1999), *trans. denied.*

Kaser argues that the City's interpretation mistakenly adds the word "and" between the "highest promotion score" and the "opinion of the chief and merit board," effectively creating two criteria for promotion where only one was intended. However, Kaser's interpretation, that the candidate receiving the highest score must be promoted, would read the latter requirement out of the statute. We cannot conclude that this language is meaningless. The clear language of the ordinance requires the opinions of the police chief and the merit board to be considered in determining which candidate to promote.

■ We agree with Kaser that the statute appears to be intended to encourage promotion based on an objective merit system. However, the statute specifies that the opinion of the chief and merit board are also to be considered. Although we may review the power of the legislature to act, we must not evaluate the policies adopted by the legislature. *Town of Porter v. Brandstetter,* 770 N.E.2d 832, 836 (Ind.Ct.App.2002), *trans. denied.* The

right and responsibility to determine these public policies, and to adopt, improve, refine, and perfect legislation directed thereto, falls to the legislature, not the courts. *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 971 (Ind.1986). Our role is to construe and apply these enactments so as to carry out legislative intent. *Id.* Regardless of the wisdom of the policy, the ordinance clearly gives the police chief and the merit board some input on the qualifications of the candidates for promotion. The trial court did not err.

Affirmed.

NAJAM, J., and RILEY, J., concur.