Jerrold P. DISABATO, Aaron J. Muey, Curt D. Abbott, Tina K. Emberton, and John R. Cosgrove II, Appellants–Defendants,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 91A02–0502–CR–149.

Court of Appeals of Indiana.

Nov. 30, 2005.

Publication Ordered Dec. 22, 2005.

Transfer Denied Feb. 2, 2006.

John L. Tompkins, Brown Tompkins & Lory, Indianapolis, R. Dennis Hoover, Monticello, for Appellants.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Defendants Jerrold P. Disabato, Aaron J. Muey, Curt D. Abbott, Tina K. Emberton, and John R. Cosgrove II (collectively, "Appellants") appeal the trial court's denial of their motions to suppress evidence. We affirm.

### Issue

Appellants raise one issue on interlocutory appeal, which we restate as whether the trial court erred by denying their motions to suppress the results of their breathalyzer tests because such evidence was inadmissible under Indiana Code Sections 9–30–6–5 and 4–22–2–44.

### Facts and Procedural History

Between June and November of 2004, Appellants were each charged with operating a vehicle with an unlawful blood or breath alcohol concentration in violation of Indiana Code Sections 9–30–5–1, 9–30–5–2, 9–30–5–3,[1] and/or 14–15–8–8(a)(2).[2]  Prior

---

1. On June 25, 2004 and, later, on October 4, 2004, the State charged Emberton and Muey, respectively, with operating a vehicle while intoxicated, each as Class C felonies, under Indiana Code Section 9–30–5–1, which provides:

(a) A person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per:
(1) one hundred (100) milliliters of the person's blood; or

to trial, Appellants filed motions to suppress evidence, seeking the suppression of any evidence relating to their breath tests, which was obtained pursuant to certain regulations that were allegedly improperly promulgated. In particular, Appellants argued that the trial court should not take judicial notice of the following regulations contained in Title 260 of the Indiana Administrative Code: (1) 260 IAC 1.1–1–2, which establishes the training required to become a breath test operator; (2) 260 IAC 1.1–1–3, which sets forth the requirements for the certification and recertification of breath test operators; (3) 260 IAC 1.1–2–1, which delineates the requirement that all breath tests be calibrated every 180 days, as well as the tolerances for such calibrations; and (4) 260 IAC 1.1–4–8, which establishes the approved procedure for conducting "a B.A.C. Datamaster with keyboard test for alcohol intoxication." Ex. Tr. at 206. Appellants maintained that these regulations (collectively referred to as the "Regulations") were not properly promulgated under Indiana Code 4–22–2, as required by Indiana Code Section 9–30–

6–5, and are thus invalid. As a consequence, Appellants' argument continues, the breath tests obtained under those Regulations are inadmissible.

On January 19, 2005, after conducting a consolidated hearing, the trial court denied Appellants' motions to suppress. Appellants moved to certify the orders for interlocutory appeal, which the trial court granted. We accepted jurisdiction of this appeal on March 21, 2005.

## Discussion and Decision

### I. Standard of Review

Appellants challenge the trial court's order denying their motions to suppress. Generally, we review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Taylor v. State*, 689 N.E.2d 699, 702 (Ind.1997). However, Appellants attack the validity of the Regulations and, therefore, our review is de novo. *See, e.g., Kaser v. Barker*, 811 N.E.2d 930, 932 (Ind.Ct.App.2004) (noting that the construction and interpretation of statutes are questions of law that we re-

---

(2) two hundred ten (210) liters of the person's breath;
commits a Class C misdemeanor.
On July 16, 2004, the State charged Disabato with operating a vehicle while intoxicated, a Class D felony, pursuant to Indiana Code Sections 9–30–5–2(a) and 9–30–5–3. In addition, on November 9, 2004, the State charged Cosgrove with operating a vehicle while intoxicated under Indiana Code Sections 9–30–5–1(b) and 9–30–5–3. Indiana Code Section 9–30–5–1(b) provides:
A person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per:
(1) one hundred (100) milliliters of the person's blood; or
(2) two hundred ten (210) liters of the person's breath;
commits a Class A misdemeanor.
Indiana Code Section 9–30–5–2(a) provides, in relevant part, "a person who operates a vehicle while intoxicated commits a Class C

misdemeanor." Further, Indiana Code Section 9–30–5–3 provides:
A person who violates section 1 or 2 of this chapter commits a Class D felony if:
(1) the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter; or
(2) the person:
(A) is at least twenty-one (21) years of age;
(B) violates section 1(b) or 2(b) of this chapter; and
(C) operated a vehicle in which at least one (1) passenger was less than eighteen (18) years of age.

2. On July 6, 2004, the State charged Abbott with operating a motorboat while intoxicated, a Class C misdemeanor, under Indiana Code Section 14–15–8–8(a)(2), which makes it a Class C misdemeanor to operate a motorboat while intoxicated.

view de novo), *trans. denied.* In other words, we give no deference to the trial court's interpretation. *Id.* Instead, we "independently review the statute's meaning and apply it to the facts of the case under review." *Id.*

## II. Analysis

On appeal, Appellants argue that the trial court erred as a matter of law when it denied their motions to suppress the results of their breath tests because such evidence was inadmissible, inasmuch as it was obtained pursuant to the Regulations, which are invalid under Indiana Code Sections 9–30–6–5 and 4–22–2–44.[3] Specifically, Appellants contend that the Regulations were not properly promulgated as rules because the director of the department of toxicology failed to submit them to the Secretary of State for filing, pursuant to Indiana Code Section 4–22–2–35(c).

In addressing this contention, we first note that Indiana Code Section 9–30–6–5 provides, in relevant part:

(a) The director of the department of toxicology of the Indiana University school of medicine *shall adopt rules under IC 4–22–2* concerning the following:

(1) Standards and regulations for the:

  (A) selection;

  (B) training; and

  (C) certification;

of breath test operators.

(2) Standards and regulations for the:

  (A) selection; and

  (B) certification;

of breath test equipment and chemicals.

(3) The certification of the proper technique for administering a breath test.

(Emphasis added). Pursuant to this statute then, to be valid, the Regulations at issue must have been adopted under Indiana Code 4–22–2.

Next, we observe that the Regulations are codified in Title 260 of the Indiana Administrative Code. Pursuant to Indiana Code Section 4–22–9–3(b), "the official publication of a rule in the Indiana Register or the Indiana Administrative Code shall be considered prima facie evidence that the rule was adopted in conformity with IC 4–22–2 and that the text published is the text adopted." [4] In addition, Indiana Code Section 4–22–9–3(a) mandates that all rules, which have been adopted in conformity with Indiana Code 4–22–2, be "judicially noticed by all courts and agencies of this state."

In an attempt both to rebut the State's proffer of prima facie evidence under Indiana Code Section 4–22–9–3(b)—i.e., that the Regulations were adopted in conformity with Indiana Code 4–22–2—and to avoid the statutory mandate that the trial court take judicial notice of the Regulations, Appellants assert that such Regulations were not validly promulgated under

---

3. Indiana Code Section 4–22–2–44 provides, in part: "A rulemaking action that does not conform with this chapter is invalid, and a rule that is the subject of a noncomplying rulemaking action does not have the effect of law until it is adopted in conformity with this chapter."

4. This prima facie evidence rule is subject to Indiana Code Section 4–22–9–3(c), which provides:

The 1979 edition of the Indiana Administrative Code shall be conclusively presumed to contain the accurate, correct, and complete text of all rules in effect on December 31, 1978. All rules filed with the secretary of state before December 31, 1978, and not compiled in the 1979 edition of the Indiana Administrative Code are void.

Subsection c does not pertain to the present dispute.

Indiana Code Section 4–22–2–35. That section, which governs the submission of rules to the Secretary of State for filing, provides:

(a) When a rule has been approved or deemed approved by the governor within the period allowed by section 25 of this chapter, the agency shall immediately submit the rule to the secretary of state for filing. The agency shall submit the rule in the form required by section 20[5] of this chapter and with the documents required by section 21[6] of this chapter.

(b) The secretary of state shall determine the number of copies of the rule and other documents to be submitted under this section.

(c) Subject to section 39[7] of this chapter, the secretary of state shall:

(1) accept the rule for filing; and

(2) file stamp and indicate the date and time the rule is accepted on every duplicate original copy submitted.

Further, Indiana Code Section 4–22–2–36, regarding the effective date of rules, provides:

5. Indiana Code Section 4–22–2–20 provides:

Whenever an agency submits a rule to the publisher, the attorney general, the governor, or the secretary of state under this chapter, the agency shall submit the rule in the form of a written document that:

(1) is clear, concise, and easy to interpret and to apply; and

(2) uses the format, numbering system, standards, and techniques established under section 42 of this chapter.

6. Indiana Code Section 4–22–2–21 provides, in pertinent part:

(d) Whenever an agency submits a rule to the attorney general, the governor, or the secretary of state under this chapter, the agency shall also submit a copy of the full text of each matter incorporated by reference under subsection (a) into the rule, other than the following:

(1) An Indiana statute or rule.

(2) A form or instructions for a form numbered by the commission on public records under IC 5–15–5.1–6.

(3) The source of a statement that is quoted or paraphrased in full in the rule.

(4) Any matter that has been filed with the secretary of state before the date that the rule containing the incorporation is filed.

(5) Any matter referred to in subsection (c) as a matter that is directly or indirectly referred to in a primary matter.

(e) An agency may comply with subsection (d) by submitting a paper or an electronic copy of the full text of the matter incorporated by reference.

7. Indiana Code Section 4–22–2–39 provides:

(a) When an agency submits a rule for filing under section 35, 37.1, or 38 of this chapter, the secretary of state may accept the rule for filing only if the following conditions are met:

(1) A sufficient number of duplicate original copies of the rule are submitted to allow the secretary of state to comply with IC 4–22–7–5.

(2) Each submitted copy includes a reference to the document control number assigned to the rule by the publisher.

(3) Each submitted copy indicates that the agency has conducted its rulemaking action in conformity with all procedures required by law. However, if section 31 of this chapter applies to the rule, the secretary of state shall rely on the approval of the attorney general as the basis for determining that the agency has complied with all procedures required before the date of the approval.

(b) If a rule includes a statement that the rule is not effective until:

(1) an agency has complied with requirements established by the federal or state government;

(2) a specific period of time has elapsed; or

(3) a date has occurred;

the agency has complied with subsection (a)(3) even if the described event or time has not occurred before the secretary of state reviews the rule under this section.

(c) The secretary of state shall take no more than three (3) business days to complete the review of a rule under this section.

A rule that has been accepted for filing under section 35 of this chapter takes effect on the latest of the following dates:

(1) The effective date of the statute delegating authority to the agency to adopt the rule.

(2) The date that is thirty (30) days from the date and time that the rule was accepted for filing under section 35 of this chapter.

(3) The effective date stated by the agency in the rule.

(4) The date of compliance with every requirement established by law as a prerequisite to the adoption or effectiveness of the rule.

Appellants maintain that, in light of this latter statute, no rule may become effective until thirty days after it has been submitted to the Secretary of State, accepted for filing, and file stamped. Appellants also assert that the Regulations in dispute were not file stamped by the Secretary of State and were, thus, invalidly promulgated. However, our review of the record reveals that the Regulations were file stamped "received" by the Indiana Secretary of State in November of 1999.[8] The mere fact that the relevant file stamp does not contain the word "filed" is of no moment, especially in light of Def.'s Ex. B. This Exhibit bears a similar file stamp— i.e., "received" by Indiana Secretary of State on March 20, 1986—and, in addition, explains that it was "[f]iled with the Secretary of State" on "3/20/86." *Id.* Accordingly, Appellants have failed to demonstrate that the Regulations were not file stamped under Indiana Code Section 4–22–2–35.

Moreover, because the Regulations are codified in the Administrative Code, Appellants have likewise failed to overcome the State's proffer of prima facie evidence that such rules were valid. As such, the trial court properly took judicial notice of the Regulations. *See* Ind.Code § 4–22–9–3(b); *see also Thurman v. State,* 661 N.E.2d 900, 902 (Ind.Ct.App.1996). Further, inasmuch as Appellants do not claim that the breath tests were obtained in violation of the Regulations,[9] the results of the breath tests are admissible into evidence and, therefore, the trial court properly denied Appellants' motions to suppress.

For the foregoing reasons, we affirm the trial court's denial of Appellants' motions to suppress the results of their breath tests.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.

### ORDER

On November 30, 2005, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision. The Appellee states that the Court's decision meets the criteria for publication set forth in Appellate Rule 65 (A).

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. The Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on November

---

8. We cannot discern the exact date of filing from the exhibit before us.

9. In that regard, we note that Indiana Code Section 9–30–6–5(d) renders inadmissible the results of chemical breath tests if: "(1) the test operator; (2) the test equipment; (3) the chemicals used in the test, if any; or (4) the techniques used in the test[] have not been approved in accordance with the rules adopted under subsection (a)."

30, 2005, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.