## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Daniel Hoagland
Fremont, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey P. Smith
David K. Hawk
Hawk, Haynie, Kammeyer &
Smith, LLP
Fort Wayne, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Daniel Hoagland,

*Appellant-Defendant,*

v.

Town of Clear Lake,

*Appellee-Plaintiff*

March 15, 2017

Court of Appeals Case No.
76A04-1603-SC-574

Appeal from the Steuben Circuit Court

The Honorable Allen N. Wheat, Special Judge

Trial Court Cause No.
76C01-1503-SC-255

**Mathias, Judge.**

[1]     The Steuben Circuit Court entered a judgment in favor of defendant Daniel Hoagland ("Hoagland"). Hoagland appeals the judgment pro se arguing that

the trial court lacked jurisdiction and erred when it failed to dismiss the Town of Clear Lake's ("the Town") notice of claim. The Town cross-appeals and claims that the trial court's conclusion that Hoagland is not liable for trash collection charges is not supported by the evidence.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

The Hoagland Family Limited Partnership ("the HFLP") owns three properties in the Town.[1] Hoagland and his wife reside in one of the three properties, and their residence is also the recorded address for the HFLP.

The Town charges $135 annually for trash collection and the Town's clerk-treasurer is responsible for sending invoices for the services and collecting payment. Specifically, the Town's ordinance section 52.08 provides in pertinent part,

> (A) The Town may award a contract for the Collection, Removal, and Disposal of Solid Waste and Recyclables and shall pay the contracting person out of general taxation, service rates and charges or through a combination of these methods.
>
> (B) It is hereby determined that a just and reasonable charge for the service shall be set from time to time by the Town Council, which charge shall be due and payable in advance, whether

---

[1] Only two of the three HFLP properties are at issue in this appeal.

annually, quarterly or monthly. The current annual rate shall be $135 as established in 2009 by Ordinance 2009-03. The Town Clerk-Treasurer shall collect the charges from each owner and to this end shall set up and establish billing and collection procedures.

(C) If any rate, as established by the Town Council and to be paid by the user or owner, is not paid within 15 days after the payment is due, the amount thereof, together with a penalty of 10% and a reasonable attorney's fee may be recovered by the Town in a civil action in the name of the Town.

Appellant's App. p. 24.

[5] Historically, Hoagland was personally billed, and he paid the trash collection invoices for the three properties owned by the HFLP. However, Hoagland failed to pay the 2015 invoice, which was due on January 15, 2015.

[6] Hoagland asked the Town to waive the 2015 trash collection charges for the three properties because the Town's trash collection contractor damaged a tree on one of his properties in 2014. The Town refused to waive the amount owed for sanitation in 2015 and instructed Hoagland to resolve his claim for the damaged tree with the contractor. Hoagland informed the Town that he would not pay the 2015 sanitation invoices for the three properties because he believed the Town was at least partially responsible for the damage to the tree.

[7] In March 2015, the Town initiated a small claims action against Hoagland and filed a notice of claim in Steuben Circuit Court. The Town requested a judgment in the amount of $297 for unpaid trash collection invoices for two of

the three HFLP properties. Specifically, the Town sought $135 for each property plus a 10% penalty as authorized under the Town's ordinance. One of the two properties was also Hoagland's residence.

[8] A hearing was held on July 21, 2015. At the hearing, Hoagland proceeded pro se and argued that he was not the owner of the properties at issue; therefore, he was not personally liable for the trash collection invoices. Per Hoagland's request, the trial court continued the hearing to allow Hoagland to obtain additional discovery.

[9] On September 8, 2015, Hoagland filed a motion to dismiss the Town's notice of claim pursuant to Trial Rules 12(B)(6), and 41(B) and (E). Among other claims, Hoagland noted that he is not the owner of the properties and asserted that he is not a real party in interest. Consequently, he argued that he established as a matter of law that the Town cannot prevail on its notice of claim, and the trial court should grant his motion to dismiss. Hoagland's motion was denied without a hearing.

[10] The small claims trial was concluded on January 8, 2016. Shortly thereafter, the small claims court entered a judgment in Hoagland's favor and issued the following findings of fact:

> 1. The case at bar involves an unpaid trash collection fee in the amount of $297.00 which Town billed directly to Hoagland for trash collection services provided to 804 South Clear Lake Drive and 1114 South Clear Lake Drive for calendar year 2015.

2. Town has entered into a contract with Sanitation Solutions, LLC to provide trash collection services for residences located within the jurisdictional limits of Town.

3. 804 South Clear Lake Drive and 1114 South Clear Lake Drive are located within the jurisdictional limits of Town.

4. Property owners are assessed an annual trash collection fee in the total amount of $135.00.

5. This annual trash collection fee of $135.00 has not been increased by Town since 2009.

6. Hoagland contends that he is not responsible for paying Plaintiff's Exhibits 1 and 2 for the reason that he did not own these two (2) parcels of real estate on January 1, 2015.

7. Rather, Hoagland's argument continues, the titles to 804 South Clear Lake Drive and 1114 South Clear Lake Drive appear upon the records of the Steuben County Recorder to be in the name of the Hoagland Family Limited Partnership, such being a separate legal entity. This is not disputed by Town.

8. The Court concludes that the two (2) parcels of real estate identified on Plaintiff's Exhibits 1 and 2 were both titled in the name of the Hoagland Family Limited Partnership on January 1, 2015.

9. Clear Lake Ordinance 52.08 (B) provides, in relevant part, that:

> "The Town Clerk Treasurer shall collect the charges <u>from</u> <u>each</u> <u>owner</u> and to this shall set up and establish billing and collection procedures." (Emphasis added).

10. The Court concludes that Hoagland, not being the owner of the parcels of real estate located at 804 South Clear Lake Drive and 1114 South Clear Lake Drive, cannot be sued in his individual capacity unless he has in some manner obligated himself to become personally liable for payment of the two (2) unpaid trash collection invoices all as set forth on Plaintiff's Exhibits 1 and 2.

11. Hoagland was aware that the trash collection fees for year 2015 on the two (2) subject parcels of real estate had not been paid.

12. Hoagland, by email sent January 17, 2015, conditionally promised Town to pay the trash collection fees owed to Town for year 2015.

13. The condition precedent which Hoagland expected Town to perform was to compensate him for damage to a tree located at 1114 South Clear Lake Drive which was caused by the actions of Town's trash collection contractor -Sanitation Solutions, LLC.

14. Town rejected Hoagland's conditional offer to pay trash collection fees for year 2015. Hoagland was not compensated by Town for the damaged tree.

15. Hoagland, therefore, cannot be held individual liable for the unpaid 2015 trash collection fees on a theory of implied contract or promissory estoppel.

Appellant's App. pp. 8-11 (record citations and footnote omitted). The small claims court issued a judgment in Hoagland's favor.

[11] Even though the court entered judgment in his favor, Hoagland filed a motion to correct error. He again argued the small claims court lacked jurisdiction to enter the judgment and was void *ab initio*. His motion was denied on February 16, 2016.

[12] Proceeding pro se, Hoagland timely filed a notice of appeal. The Town has filed a cross-appeal and argues that the small claims court erred when it concluded that Hoagland was not personally liable for the trash collection invoices for the two HFLP properties.

## Hoagland's Appeal

[13] Hoagland appeals the judgment entered in his favor and against the Town. It is well-settled that a party cannot secure appellate review of a favorable decision unless he is in some manner aggrieved thereby. *Nehl Beverage Co. of Indianapolis v. Petri*, 537 N.E.2d 78, 82 (Ind. Ct. App. 1989), *trans. denied*; *Hughes v. State*, 473 N.E.2d 630, 632 (Ind. Ct. App. 1985), *trans. denied*; *see also Brumley v. Commonwealth Bus. Coll. Educ. Corp.*, 945 N.E.2d 770, 780 (Ind. Ct. App. 2011) ("A party cannot appeal from a judgment favorable to him.").

[14] Hoagland's decision to appeal the judgment entered in his favor seems to be driven by his angst over the trial court's finding number 3, which provides that "804 South Clear Lake Drive and 1114 South Clear Lake Drive are located within the jurisdictional limits of Town." *See* Appellant's App. p. 9. In his brief, Hoagland repeatedly claims that this finding is not supported by evidence, and

that the Town could use the finding against him in separate, ongoing litigation between the parties.[2]

[15] Contrary to Hoagland's assertion, the Town did present evidence via the Town's clerk-treasurer that the properties are located within the jurisdictional limits of the Town. Hoagland did not present any contrary evidence.

[16] For these reasons, that portion of the judgment at issue that pertains to Hoagland's appeal is affirmed.[3]

## The Town's Cross-Appeal

[17] The Town cross-appeals and argues that the trial court erred when it concluded that Hoagland was not personally liable for the trash collection invoices. The Town argues that Hoagland personally paid the invoices in years prior to this dispute, and, under section 52.08(C) of the Town's ordinance, the Town had the right to bill Hoagland for the trash collection fees on his properties. As he did at trial, Hoagland argues that he is not liable for the fees because he does not own the properties.

[18] At trial, the Town presented evidence that in prior years, Hoagland had paid the trash collection invoices for the properties owned by the HFLP from either

---

[2] *See Town of Clear Lake v. Hoagland Family Limited Partnership*, No. 76A05-1606-PL-1241 (pending appeal concerning the Town's decision to penalize the HFLP for failing to connect its properties to the Town's sewer system).

[3] Hoagland's claims that the trial court lacked jurisdiction to issue the judgment lack merit. The Steuben Circuit Court unquestionably had subject matter jurisdiction over the small claims case. *See* Ind. Code § 33-29-1-1.5 (2011).

the HFLP checking account or his personal checking account. Without citation to authority, the Town argues that this fact compels the conclusion that Hoagland has established an open account with the Town for trash collection services, and therefore, he is contractually obligated to pay the annual charges.

[19] "A party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority." *Zoller v. Zoller*, 858 N.E.2d 124, 127 (Ind. Ct. App. 2006) (citation omitted). Without better citation to authority in support of the Town's argument that Hoagland is liable for the trash invoices because he has intermingled his prior payments from personal and HFLP accounts, we decline to address the argument. Moreover, interpretation of the Town's Ordinance allows us to resolve of this appeal.

[20] The Town's Ordinance, section 52.08(B) provides that the Town's clerk-treasurer "shall collect the charges from *each owner* and to this end shall set up and establish billing and collection procedures." Appellant's App. p. 24 (emphasis added). The trial court relied on this language and the agreed fact that the HFLP owns the properties at issue to conclude that Hoagland is not personally liable for the trash collection charges for those properties.

[21] The Town argues that the trial court failed to consider the entire ordinance which was admitted at trial and contends that Hoagland is personally liable for the trash collection charges under section 52.08(C) of the ordinance. In pertinent part, section 52.08(C) provides that:

if any rate, as established by the Town Council and *to be paid by the user or owner*, is not paid within 15 days after the payment is due, the amount thereof, together with a penalty of 10% and a reasonable attorney's fee may be recovered by the Town in a civil action in the name of the Town.

*Id.* (emphasis added).

[22] The rules of statutory construction apply to construe an ordinance. *Kaser v. Barker*, 811 N.E.2d 930 (Ind. Ct. App. 2004), *trans. denied*. The primary rule of statutory construction is to ascertain and give effect to the intent of the statute's drafters. *City of Jeffersonville v. Hallmark at Jeffersonville, L.P.*, 937 N.E.2d 402, 406 (Ind. Ct. App. 2010), *trans. denied*. The best evidence of that intent is the language of the statute. *Id.* We will interpret the ordinance as a whole and give its words their plain, ordinary, and usual meaning. *Lucas Outdoor Advertising, LLC v. City of Crawfordsville*, 840 N.E.2d 449, 452 (Ind. Ct. App. 2006), *trans. denied*.

[23] Applying the rules of construction to the plain language of the ordinance, and considering the ordinance and its purpose as a whole, we conclude that a "user" is an individual, other than an owner, who uses the trash services provided by the Town. Hoagland resides at the property owned by the HFLP located at 1114 South Clear Lake Drive and the property at 804 South Clear Lake Drive is a rental property. We can reasonably conclude that Hoagland has availed himself of the trash services provided by the Town at both properties, as he has

not claimed otherwise,[4] and therefore, he qualifies as a "user" of the trash collection services under section 52.08(C) of the Town's ordinance. Indeed, Hoagland's intermingling of HFLP and personal funds in prior payments on these accounts indicate that he was a "user" under the Ordinance. For this reason, we conclude that the trial court erred when it found that Hoagland cannot be held personally liable for the trash collection charges at the two HFLP properties.

[24] We therefore reverse and remand this case to the trial court with instructions to enter a judgment in favor of the Town for any unpaid 2015 trash collection charges for the HFLP properties together with accrued interest.

## Attorney Fees

[25] Finally, the Town requests attorney fees and claims that Hoagland's motion to dismiss the Town's cross-appeal is frivolous and unreasonable. Further, the Town argues that Hoagland's appeal is frivolous and he appealed to harass the Town. Hoagland disputes these claims and argues that he is appealing because the Town misused the trial court's finding that his properties were located within the jurisdictional limits of the Town in separate litigation concerning whether Hoagland must connect to the Town's sewer system.

---

[4] Hoagland cites to the Town's clerk-treasurer's testimony that she did not personally witness trash collection at Hoagland's residence. Appellant's Reply Br. at 47. However, Hoagland did not claim that he did not avail himself of the trash collection services provided by the Town.

[26] Pursuant to Indiana Appellate Rule 66(E), this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our court exercises "extreme restraint in awarding appellate damages because of the potential chilling effect upon the exercise of the right to appeal." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 755 (Ind. Ct. App. 2010).

[27] Hoagland's decision to appeal the judgment entered in his favor was certainly unwise, as it opened the door for the Town's cross-appeal. However, given the high-stakes nature of the pending sewer litigation and Hoagland's concern that the finding in this case affects that litigation, we cannot conclude that his appeal is vexatious. Importantly, the Town decided to cross-appeal in lieu of (or in addition to) pursuing other remedies such as billing the HFLP directly for the trash collection charges. For these reasons, we deny the Town's request for appellate attorney fees.

## Conclusion

[28] We affirm the trial court's finding concerning the location of the parcels within the Town. We reverse the trial court's judgment that Hoagland is not personally liable for the trash collection fees at issue and we conclude that Hoagland is personally liable for the trash collection charges for his residence at 1114 Clear Lake Drive and for the property located at 804 South Clear Lake Drive under section 52.08 of the Town's ordinance.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Baker, J., and Pyle, J., concur.