## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Aug 09 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Angela L. Freel
Jackson Kelly, PLLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Kelly A. Lonnberg
Stoll Keenon Ogden, PLLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Jeffrey E. Nelson,

*Appellant-Respondent,*

v.

Julie A. Nelson,

*Appellee-Petitioner.*

August 9, 2018

Court of Appeals Cause No.
18A-DR-794

Appeal from the Vanderburgh
Superior Court

The Honorable Leslie C. Shively,
Judge

Trial Court Cause No. 82D01-1601-
DR-32

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant- Respondent, Jeffrey Nelson (Husband), appeals the provisional order requiring the sale of the matrimonial home he jointly owns with Appellee-Petitioner, Julie Nelson (Wife).

We reverse.

# ISSUE

Husband presents a single issue on appeal, which we restate as: Whether the trial court erred by ordering the sale of the parties' matrimonial home through a provisional order.

# FACTS AND PROCEDURAL HISTORY

On April 28, 2012, the parties married in Illinois. A day before their wedding, the parties executed a prenuptial agreement (Agreement). The parties respectively attached to the Agreement, Schedule A and Schedule B outlining Husband's and Wife's premarital assets and debts. In addition, the Agreement contained clauses stipulating that it is to be construed under Illinois law.

On January 8, 2016, Wife filed a Verified Petition for Dissolution of Marriage and a Verified Motion for Provisional Order, seeking spousal support and the preliminary award of attorney fees. On May 2, 2016, the trial court issued a Provisional Order maintaining the status quo, and that meant that parties were not allowed to sell jointly held property. The order required Husband to pay Wife's rent; however, Wife was responsible for her utilities. Also, Husband was

ordered to pay monthly support of $2,500 to Wife, as well as $2,000 to Wife's attorney. Husband was granted temporary possession of the marital home located at 1000 Oak Trace Road, Evansville, Indiana, however, Husband was required to maintain the home and pay for all of its debts and expenses.

[6] On October 3, 2017, Wife filed an Information for Contempt and Petition for Expert and Attorney Fees. Wife alleged that Husband should be found in contempt since he had "abandoned the home, left it in disrepair, damaged some of the personal property[,] and not maintained the home in selling condition." (Appellant's App. Vol. II, p. 66). Wife claimed that the Provisional Order required Husband to "permit a personal property appraisal," but, "Husband [had] refused to allow certain items of personal property to be appraised." (Appellant's App. Vol. II, p. 67). Also, Wife argued that Husband had not paid the bi-annual property taxes and annual home insurance. Wife additionally alleged that Husband was "not residing primarily in the marital residence" and that the "residence should be listed for sale." (Appellant's App. Vol. II, p. 67). Finally, Wife requested the award of additional attorney fees and expert witness fees.

[7] On January 2, 2018, the trial court conducted a hearing on Wife's contempt petition. On January 29, 2018, the trial court issued a Supplemental Provisional Order directing Husband to pay all pending debts and taxes relating to the parties' home no later than January 31, 2018. Also, Husband was ordered to pay additional attorney and expert witness fees, and the trial court noted that Husband was free to claim a partial set-off at the final hearing. The

trial court denied Wife's request to possess the marital residence.  However, the trial court allowed Wife or her counsel to access the "house and take pictures" of personal property for appraisal purposes.  (Appellant's App. Vol. II, p. 79).  Husband appealed that order, mainly challenging the award of attorney and expert fees in favor of Wife.  In addition to filing his notice of appeal, Husband filed a motion to stay the Supplemental Provisional order due to his Notice of Appeal.

[8]  On February 26, 2018, the trial court conducted a hearing on Husband's motion to stay the Supplemental Provisional Order pending his appeal.  On March 26, 2018, the trial court granted stay on the payment of attorney and expert fees pending the resolution of Husband's appeal on that issue.  The trial court then ordered as follows:

> 2.  The parties are ordered to list the jointly owned real estate for sale with Carol McClintock of Tucker Realty or Janice Miller of ERA Realty effective immediately over . . . Husband's objection.
>
> 3.  Any offers should be made to the realtor and then discussed between the parties, whether offers come from a party or third parties.
>
> 4.  Should the parties not agree to accept any offer received or agree on a counteroffer, the [trial court] will retain jurisdiction and hearing will be scheduled.
>
> 5.  Parties are ordered not to distribute any net sale proceeds and said monies shall be held in the trust account of Husband's counsel.
>
> 6.  Final hearing set for April 4, 2018, is vacated and reset to August 13, 2018, at 9:00 a.m., reserving two days.

(Appellant's App. Vol. II, p. 15).

Husband now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

A question which we must decide, and which has received considerable attention by both parties, concerns the law which should govern this dispute. Wife has taken the position that the substantive law of Illinois should apply, while Husband favors the application of Indiana procedural law.

The parties' prenuptial agreement defined and delineated the parties premarital property and debts; determined how marital property is to be divided upon divorce; and stipulated the application of Illinois law on substantive issues. With that said, the following provisions are pertinent to this appeal:

> 3. **Assets and Liabilities as Separate Property.** Each of the parties agree that all property, whether real or personal, belonging to the other party at the commencement of their marriage, and as outlined in Schedules A and B attached hereto, including, if applicable, any assets acquired by each of them in their separate names while living together outside the marital relationship or attributable to any appreciation in value of such property, whether such enhancement is due to market conditions or to the services, skills or efforts of either of the parties and all property hereafter acquired by the other party by either bequest, devise, gift or inheritance, and all property acquired in exchange for separate property, shall remain the separate property of the other party during their lifetime and after their death and in the event of a divorce, annulment, separation or dissolution subject to agreements herein contained, excluding any property acquired by either bequest, devise, gift or inheritance or otherwise addressed hereto.

Excluding any property, real or personal, acquired by either bequest, devise, gift or inheritance or otherwise addressed heretofore, the parties further agree that any property, assets, proceeds, jointly held accounts, furniture, furnishings shall be considered to be marital property. Marital property shall also include any property acquired before the marriage which is given to the spouse by retitling in the other spouse's name or in the joint name of the parties with the right of survivorship during the period of marriage. Upon the divorce, annulment, separation or dissolution, then the property obtained during the course of marriage shall be divided equally between the parties, even in the event the property, proceeds, or assets acquired after the date of marriage are titled in only one parties' name so long as the above described marital funds, assets, proceeds or income are utilized for the acquisition of the property.

\*\*\*

11. **Construction**. The terms and provisions of this Agreement shall be construed and interpreted in accordance with the law of the jurisdiction of the State of Illinois in such case made and provided, whether or not the parties continue to reside in the State of Illinois subsequent to their marriage.

\*\*\*

25. **Illinois Law To Be Applied**. In the event that at any time during the existence of the marital relation between the parties, they should be or become residents of a state under the laws of which Husband and Wife acquire property interests commonly known as community property or any other property and interests different from the property interests of Husband and Wife under the laws of the State of Illinois, their property interests shall nevertheless remain the same as they would have been under the terms of the of this Agreement construed in accordance with the laws of the State of Illinois . . . .

(Appellant's App. Vol. II, pp, 56,58). In light of the above provisions, Husband subsequently argues that

> [T]he fact the parties entered into a [p]renuptial Agreement with an Illinois choice of law provision does not impact or alter the fact the procedural law of Indiana controls in this case. Per statute, the parties may request and potentially receive, if appropriate, orders for temporary maintenance or support, temporary restraining orders, custody orders, and orders for the possession of property. The statutory provisions do not, however, provide for the sale of real estate during the provisional period. For that reason alone, the trial court's order should be reversed.

(Appellant's Br. p. 8). In turn, Wife contends that the parties' prenuptial agreement calls for the application of Illinois law on the disposition of marital assets. Wife then directs us to Section 501 (a)(3) of the Illinois Marriage and Dissolution of Marriage Act, which provides that temporary orders during divorce proceedings may include the "sale of assets." Wife, therefore sustains that "Illinois substantive law allows for an order to sell real estate during the pendency of a divorce action," and the trial court's order requiring the parties to list their marital home for sale is not erroneous. (Appellees' Br. p. 6).

[12] Generally, Indiana courts will give effect to the parties' agreement as to controlling law. *JKL Components Corp. v. Insul-Reps, Inc.*, 596 N.E.2d 945, 950 (Ind. Ct. App. 1992). A contract provision that an agreement is to be governed by the law of another state operates only as to the substantive law of that state, and the procedural law of the forum state applies to procedural issues. *Simon Prop. Grp., L.P. v. Acton Enterprises, Inc.*, 827 N.E.2d 1235, 1237 (Ind. Ct. App. 2005). Laws which fix duties, establish rights and responsibilities among and for persons, natural or otherwise, are substantive in character, while those which merely prescribe the manner in which such rights and responsibilities

may be exercised and enforced in a court are procedural. *JKL Components Corp.*, 596 N.E.2d at 950.

[13] Husband argues that

> First, in reviewing the [Indiana] statutory provisions, one will note provisional orders are initiated by motion of the parties accompanied by a separate affidavit. A hearing is then required with an order to follow. Per the statute, the parties may not request the sale of real estate and/or obtain an order for the sale of real estate. They may merely request the possession of property. Moreover, the trial court may enter an order for the possession of property, but not an order for the sale of said property. All of which is consistent with the temporary nature of the orders, and the goal of maintaining the status quo while the dissolution of marriage action is pending.

> Herein, there was no motion for provisional relief pending before the trial court. The motion before the court was a request to stay enforcement of the Supplemental Provisional Order while [his] appeal was pending. The last motion filed by either party regarding the real estate was [Wife's] . . . Information for Contempt. A hearing was conducted on the same, and no finding of contempt was issued. [Wife's] . . . request for immediate possession of the marital residence was denied, and there was no order issued for the sale of any real estate. For whatever reason, at the hearing on [Husband's] motion to stay, the trial court on its own motion, and over the objection of [Husband], ordered the parties' jointly owned real estate be immediately listed for sale. The trial court's order was clearly outside the statutory authority, and the trial court should be reversed.

(Appellant's Br. pp. 11-12).

[14] To the extent that Husband refers to the arguments proffered at the hearing on his motion to stay the Supplemental Provisional Order, we observe that Husband failed to provide that transcript. Although a failure to include a

transcript is "not fatal to the appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *Lifeline Youth & Family Servs., Inc., v. Installed Bldg. Products, Inc.*, 996 N.E.2d 808, 814 (Ind. Ct. App. 2013) (quoting *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996)). Husband has chosen to rest his appeal on the "appendices and supplement appendix filed by the parties along with the legal arguments raised" in his appellate brief. (Appellant's Reply Br. p. 5). Husband's arguments on appeal are centered on the interpretation and scope of Indiana Code section 31-15-4-8 governing provisional orders during dissolution proceedings.

[15]  We review the construction of statutes *de novo*, giving no deference to the trial court's interpretation because the interpretation of a statute is a question of law. *Kaser v. Barker,* 811 N.E.2d 930, 932 (Ind. Ct. App. 2004)*, trans. denied.* Appellate courts independently review the statute's meaning and apply it to the facts of the case under review. *Id.* We may not construe a statute in a manner that would impair the function the legislature intended it to possess. *Id.* Our goal is to ascertain the intent of the legislature by giving effect to the language that was used. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Id.* We must not interpret one provision of a statute so as to render other provisions of the same meaningless. *Id.*

[16]  In our view, Indiana Code section 31-15-4-8, is a procedural statute, therefore, we conclude that this controversy must be governed by the law of the forum state, *i.e.*,. Indiana. *See Homer v. Guzulaitis,* 567 N.E.2d 153, 156 (Ind. Ct. App. 1991). Because this controversy may be resolved by procedural law without

resort to substantive law, the contractual provision regarding Illinois choice of law does not govern this dispute, and we apply Indiana law. *See Ashley v. State*, 757 N.E.2d 1037, 1040 (Ind. Ct. App. 2001) (noting that procedural and remedial matters are governed by law of forum state).

[17] Applying Indiana law in this appeal, we first note Indiana Code section 31-15-4-1(a) provides that either party to a dissolution action or legal separation action may file a motion for temporary relief. Such motions must be accompanied by an affidavit setting forth the facts supporting the motion. I.C. § 31-15-4-2. A trial court is required to set such motions for hearing, and must hold the hearing and rule on the petition within twenty-one days after the petition is filed. I.C. § 31-15-4-4; -6. "The determination of temporary orders in a dissolution proceeding is committed to the sound discretion of the trial court, and it may issue orders for temporary maintenance or support, temporary restraining orders, custody orders, [or] orders for possession of property to the extent it deems just and proper." *Id*. (citing I.C. § 31-15-4-8). The provisional order "is designed to maintain the status quo of the parties." *Mosley v. Mosley*, 906 N.E.2d 928, 929 (Ind. Ct. App. 2009) (quoting *Bertholet v. Bertholet*, 725 N.E.2d 487, 498 (Ind. Ct. App. 2000)). "A provisional order is temporary in nature and terminates when the final dissolution decree is entered or the petition for dissolution is dismissed." *Id*. at 930 (citing Ind. Code § 31-15-4-14).

[18] We agree with Husband that there was no motion for provisional relief pending before the trial court. The motion before the trial court was a request to stay enforcement of the Supplemental Provisional Order pending Husband's appeal.

Moreover, Indiana Code section 31-15-4-8 provides the scope of a provisional orders—*i.e.*, temporary maintenance or support, temporary restraining orders, custody orders, or orders for possession of property. There is no provision under Indiana Code section 31-15-4-8 authorizing the sale of martial assets while divorce proceedings are ongoing. Based on our interpretation of the relevant statutory provisions, we conclude that the trial court's order instructing the parties to list their matrimonial home for sale during divorce proceedings is erroneous, therefore, we reverse that order.

## CONCLUSION

[19]   In light of the foregoing, we conclude that the trial court erred by ordering the sale of the matrimonial home while the parties' divorce is pending.

[20]   Reversed.

[21]   May, J. and Mathias, J. concur